IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY OWENS, JR., | * | |
| Petitioner | * | |
| v | * | Civil Action No. PWG-18-3272 |
| WARDEN TIMOTHY STEWART, | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

Petitioner Larry Owens, Jr. filed the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that he is entitled to additional credit on his federal term of incarceration for 22 months he spent in State custody. ECF No. 1. After the stay[1] in this case was lifted (ECF No. 8), Respondent filed an Answer asserting that Mr. Owens is not entitled to the relief he seeks and requesting dismissal of the petition. ECF No. 9. The issues have been fully briefed and a hearing is not necessary for the resolution of this case. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the petition shall be dismissed.

At the time Mr. Owens filed his petition he was incarcerated at Federal Correctional Institution Cumberland ("FCI-Cumberland") serving a 115-month sentence imposed by the United States District Court for the Western District of Michigan for distribution of crack cocaine. ECF No. 9-1 at 3, ¶ 5. The federal term was imposed on December 20, 2013 and was later reduced to 96 months. *Id*. The sentencing court did not indicate that Mr. Owens' federal sentence was to be served concurrently with any other sentence. *Id*. at 9-14.

Mr. Owens' federal prosecution was a result of his March 20, 2013 arrest by Michigan

---

[1] This case was stayed on January 24, 2019, after Respondent filed a second motion for stay. ECF Nos. 6 and 7. The stay was lifted less than one month later. ECF No. 8.

State authorities for drug offenses and for violating the conditions of his parole. ECF No. 9-1 at 2, ¶2. Mr. Owens was returned to the Michigan Department of Correction on April 11, 2013 as a parole violator and remained in State custody until June 24, 2013, when he was transferred to federal custody on a writ for prosecution. *Id*. at ¶¶3 and 4.

After Mr. Owens was sentenced by the federal court, he was returned to State authorities on January 2, 2014. ECF No. 9-1 at 3, ¶6. On November 5, 2014, the Michigan State Parole Commission determined that Mr. Owens had violated the conditions of his parole supervision. *Id*. at ¶ 7. Mr. Owens remained in State custody until January 27, 2015, the maximum expiration date of his State sentence. *Id*. On that date, Mr. Owens was returned to federal custody for service of his federal sentence. *Id*. at ¶ 8.

Mr. Owens maintains that when he pled guilty to drug distribution charges in the United States District Court for the Western District of Michigan, Judge Carmody explained that he would get credit for any time he spent in custody pending his sentencing. ECF No. 1-4 at 3. In Mr. Owens's view, he was entitled to "pre-sentence credit" for the time he spent in State custody awaiting trial and parole revocation proceedings. *Id*. at 4.

Mr. Owens did not file a response to Respondent's Answer. In an effort to verify his current location, a check of the Federal Bureau of Prisons' website confirms that Mr. Owens was released from federal custody on December 30, 2020. *See* https://www.bop.gov/inmateloc/ (last visited Feb. 2, 2022).

To be entitled to habeas relief, a petition filed pursuant to 28 U.S.C. §2241 must be filed by a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time

his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).  Ordinary principles of mootness apply to Petitioners seeking federal habeas relief.  "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).  Here, Mr. Owens was released from federal custody and, as such, is no longer suffering, nor is he threatened with, an actual injury resulting from the BOP's refusal to give him 22 months of credit against his federal sentence.

Notably, however, Mr. Owens's claim has no substantive merit.  When "an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied." *Dickens v. Stewart*, No. DKC 13-0795, 2014 WL 858977, at *2 (D. Md. Mar. 4, 2014) (citing *United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998)).  Thus, when, as here, "a state maintains primary jurisdiction over a defendant, federal custody under a federal criminal sentence 'commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.'" *Id.* (quoting *Evans,* 159 F.3d at 912).  This is because "[a] federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence," unless "the Attorney General or the Bureau of Prisons agrees to designate the state

3

facility for service of the federal sentence." *Evans*, 159 F.3d at 911–12 (citing 18 U.S.C. § 3585(a)). To relinquish or waive primary jurisdiction, a state may "deliver [the prisoner] into federal custody for the purpose of beginning his federal sentence." *Trowell v. Beeler*, 135 F.App'x 590, 594 (4th Cir. 2005). Nothing in the record before this Court indicates that Mr. Owens was ever entitled to the credit he sought in his petition.

By separate Order which follows, the Petition shall be dismissed.


 2/22/2022                                             /S/
Date                                              Paul W. Grimm
                                                  United States District Judge